UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Bankruptcy Case |
| RICARDO I. RUIZ and | ) | No. 12-63323-tmr13 |
| CHRISTINE M. RUIZ, | ) | |
| | ) | MEMORANDUM OPINION |
| Debtors. | ) | |

   In this case converted from Chapter 7 to Chapter 13, this matter comes before the Court on Sunriver Owners' Association, Inc.'s (**SOA**) notice of intent to submit an order allowing payment of its administrative expense claim. Before hearing, the Chapter 13 Trustee submitted written comments but took no formal position on the claim. The Court held a hearing on March 5, 2014 and raised concerns about the asserted priority for the claim. SOA's counsel made the only appearance and requested time for briefing. After post-hearing briefing, the matter is ripe for decision.

**Factual and Procedural Background:**

   The facts are not disputed and come from a review of the pleadings filed in this case. Debtors herein, Ricardo and Christine Ruiz (**Debtors**), own real property at 3 Balsam Lane in Sunriver, Oregon (**the Property**). They, along with others in the Sunriver community, are liable for monthly fees and charges to SOA for common area maintenance and other like items.

   On July 27, 2012, Debtors filed a Chapter 7 petition. On Schedule A, they listed the Property's value at $300,000. On Schedule D, they listed two creditors with liens against the Property, with the first

MEMORANDUM OPINION-1

lienholder owed $390,000, and the second $40,000. Schedule I did not disclose any rental income from the Property. Schedule J did not (at least apparently) budget for any mortgage as to the Property or monthly payments to SOA.

During the Chapter 7 portion of the case, the first lienholder obtained relief from the automatic stay. While the motion for relief was pending, the Chapter 7 Trustee noticed an intent to sell the Property to a third party for $5,000 subject to the liens against it. The United States Trustee then filed a motion to dismiss. Thereafter, Debtors moved to convert the case to one under Chapter 13. On October 4, 2012, the case was converted to Chapter 13. The conversion effectively mooted the Chapter 7 Trustee's proposed sale.

Debtors' Chapter 13 plan, dated October 23, 2012, was confirmed on December 13, 2012. The plan provides for surrender of the Property to the two lienholders. Like the originals, Amended Schedules I and J, filed on October 31, 2012, included neither income nor expenses related to the Property. The plan was later amended by stipulated order to increase payments to be made to the Chapter 13 Trustee. Neither the plan nor the confirmation order provides for payment of SOA's accruing post-petition charges. The order does preclude the Debtors from incurring most credit or debt obligations and requires the reporting of certain additional income.

On October 1, 2013, SOA filed proof of claim #23-1 for $2,024.98 as an administrative claim for "actual and necessary costs of preserving the estate" under 11 U.S.C. § 503(b)(1)(A)[1] (**the Claim**). The Claim indicates the amounts owed are charges from October 12, 2012 through September 30, 2013. Attached is a ledger showing various charges, including $864.30 in non-particularized legal fees incurred from February 2013 through September 2013. The ledger also shows monthly residential and recreation park maintenance fees, and monthly late payment fees and finance charges, all from March 2013 through September 2013. It also includes other charges and payments, without description, during this limited period. SOA complied with the requirements of LBR 2016-1(a)(1) for Nonprofessional Administrative Expenses, but it submitted no other exhibits, declarations, or affidavits in support of the Claim.

_____

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

MEMORANDUM OPINION-2

**Discussion**:

As a threshold matter, the Court may sua sponte take up allowance of a claim.  In re Stiller, 323 B.R. 199, 205 (Bankr. W.D. Mich. 2005) (citing § 105(a)); Paloian v. LaSalle Bank Nat'l Ass'n (In re Doctors Hosp. of Hyde Park, Inc.), 494 B.R. 344, 368 n.6 (Bankr. N.D. Ill. 2013).  This is especially true when a creditor claims administrative expense priority, as here.  Cf. In re Scoggins, 142 B.R. 940, 943 (Bankr. D. Or. 1992) (even absent objection, bankruptcy court has duty to review professionals' fees entitled to administrative priority).  Under the Bankruptcy Code, administrative expenses are given a second priority, § 507(a)(2), and, in Chapter 13, must be paid in full unless the claimholder agrees to a different treatment. § 1322(a)(2).  Full payment may impact the dividend to general unsecured creditors, or the plan's feasibility, which as per the Chapter 13 Trustee's comments, is the case at bar.

In its Supplemental Memorandum, for the first time, SOA alternatively seeks allowance under § 1305(a)(2), and, should the Court deny the Claim's full payment on either an administrative expense or § 1305 basis, a declaration the Claim is nondischargeable.  The Court will address each of these issues in turn.

Administrative Expense Priority:

SOA seeks allowance of the Claim under § 503(b)(1)(A), which permits as priority administrative expenses "the actual, necessary costs and expenses of preserving the estate." (emphasis added).

> Years ago, the Ninth Circuit addressed the parameters of § 503(b)(1)(A) in *Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.),* 853 F.2d 700 (9th Cir. 1988), which established the following guidelines:

>> First, the statute is to be narrowly construed. Second, [a]n actual [not potential] benefit must accrue to an estate. . . . Third, the court should consider allowing a claim under § 503(b)(1)(A) for costs incurred if the expense results in a preservation of estate assets for the benefit of creditors. Finally, courts are not free to establish their own priorities of payment within the Bankruptcy Code. *In re Allen Care Ctrs., Inc.,* 163 B.R. 180, 185 (Bankr. D. Or. 1994) (citing *In re Dant & Russell, Inc.*), *aff'd* 175 B.R. 397 (D. Or. 1994), *aff'd* 96 F.3d 1328 (9th Cir. 1996).

Kipperman v. Internal Revenue Serv. (In re 800Ideas.Com, Inc.), 496 B.R. 165, 175 (9th Cir. BAP 2013).

*// // //*

MEMORANDUM OPINION-3

Here, SOA has failed to adduce proof the subject services or charges benefitted the <u>estate</u>.  The only arguable proof of such charges is the unverified ledger attached to the Claim.  The only described charges thereon are those accruing <u>post</u>-confirmation.  Under § 1327(b), unless the plan or confirmation order provide otherwise, upon confirmation, all property re-vests in the debtor and the estate ceases to exist.  <u>Cal. Franchise Tax Bd. v. Jones (In re Jones)</u>, 420 B.R. 506, 515 (9th Cir. BAP 2009); <u>Mason v. Williams (In re Mason)</u>, 51 B.R. 548, 550 (D. Or. 1985).  Here, neither the plan nor confirmation order prevented re-vesting.[2]  As such, with no estate in existence post-confirmation, charges then arising cannot have administrative expense status under § 503(b)(1)(A).  <u>In re Severson</u>, 53 B.R. 8, 10 (Bankr. D. Or. 1985).  Contrary to SOA's arguments, the Debtors' continued "right to use, occupy, rent and otherwise enjoy the Property" and SOA's protection and maintenance of the Property at its expense does not change that conclusion.   If the allegations are true, Debtors might be responsible for these charges, but the estate is not.  SOA's claim for administrative expense priority will thus be denied.

Section 1305:

SOA argues in the alternative, that the Claim should be allowed under § 1305(a)(2).  That subsection permits a creditor to file a claim on a post-petition consumer debt that is for property or services necessary for the debtor's performance under the plan.  Because this argument was first fully articulated in SOA's post-hearing Supplemental Memorandum, parties in interest have not had adequate notice thereof.  As such, the Court will deny SOA's request, without prejudice to amending the Claim to assert § 1305 as a basis thereof.[3]

---

[2] In its Supplemental Memorandum, SOA asserts that "surrender" in the plan does not change ownership and that Debtors retain "title ownership" of the Property.  Even if true, Debtors' ownership does not change the conclusion that the charges failed to benefit the <u>estate</u>, which had no interest in the Property post-confirmation.

[3] An amended claim under § 1305(a)(2) would raise a host of issues, including: 1) given SOA's representations that the Property was used, at least in part, for income-producing purposes, whether the claim is a "consumer debt," 101(8);  2) given the confirmed plan's surrender provision, whether the post-petition charges were necessary for Debtors' performance under the plan; and 3) given representations that Debtors did not get the Chapter 13 Trustee's approval prior to incurring the subject charges, whether prior approval was practicable, and if so, whether SOA knew or should have known of same. § 1305(c).

(continued...)

<u>Dischargeability:</u>

SOA seeks an order that if the Claim's full payment, on either an administrative expense or § 1305

basis, is denied, the claim be declared nondischargeable, citing <u>Foster v. Double R Ranch Ass'n (In re</u>

<u>Foster)</u>, 435 B.R. 650, 660-662 (9th Cir. BAP 2010) (construing Washington law), as extended to Oregon

law by Judge Brown of this Court in <u>In re Anderson</u>, Case No. 12-37458-tmb13, Transcr. at 23:10-24:6

(Bankr. D. Or. May 16, 2013) (oral ruling).  These holdings stand for the general proposition that post-

petition obligations to homeowners associations are covenants running with the land, which constitute an

interest in property, upon which debtors remain liable so long as in title, and which are not subject to a

Chapter 13 discharge.  Although these holdings appear to set forth the applicable legal precepts, the Court is

not prepared to rule on dischargeability issues in the present context.  First, the factual record, consisting

only of counsel's representations and the Claim with its attached ledger, is inadequate.  Second, allowance of

a § 1305 claim, and  provision therefore in a modified plan, would raise other issues. At that point, the Claim

could well be subject to § 1328(a)'s general discharge provision, subject to § 1328(d), which, assuming no

prior approval by the Chapter 13 Trustee, would except the claim from discharge only if prior approval was

practicable.[4]  Finally, the Bankruptcy Rules explicitly require that matters relating to determining an interest

---

[3](...continued)
Finally, there is the issue of payment, even assuming a § 1305 claim is allowed. SOA argues plan
¶ 2(e) provides for full payment of allowed § 1305 claims. A careful reading of that paragraph, however,
seems to provide for full payment only of allowed claims entitled to priority under §§ 507(a)(3)-(10),
including any § 1305 claims <u>which fit within those subsections of § 507(a)</u>. Here, it appears any allowed
§ 1305 claim would simply be a <u>non</u>-priority, unsecured, post-petition claim, for which the present plan does
not provide.  At minimum, Debtors would need to propose a modified plan to provide for SOA's § 1305
claim.  <u>See In re Brannon</u>, Case No. 396-34880-elp13 (Bankr. D. Or. Oct. 6, 1997) (Perris, J.) (unpublished).
There is no guarantee, however, that Debtors would choose to propose such a modified plan or that it would
meet § 1329's requirements.

[4] SOA argues its "monthly charges for maintenance and protection of the Property are . . . probably
non-dischargeable under . . . [§ ]1328 inasmuch as prior approval by the Trustee for incurring HOA charges
each month would be <u>impractical</u> [sic]." (emphasis added).  Supplemental Memorandum [Doc. # 78] at 3:24-
26. In fact, § 1328(d) provides precisely the opposite, that is, only § 1305 claims for which the Trustee's

(continued...)

MEMORANDUM OPINION-5

in property or dischargeability of a debt must be brought by adversary proceeding. FRBP 7001(2), (6). SOA's present request for a declaration of nondischargability will thus be denied without prejudice to the filing of an adversary proceeding.

This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to FRBP 7052. They shall not be separately stated. An order consistent with the above will be entered forthwith.



THOMAS M. RENN
Bankruptcy Judge

---

[4](...continued)
prior approval was practicable, and not obtained, are not discharged.